CHARLES B. WALKER *et al.* vs. MARGARET L. URSILLO *et al.*

FEBRUARY 15, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This cause is before us on the respondents' appeal from a decree of the Superior Court permanently enjoining them from erecting or maintaining any buildings or parts of buildings within fifteen feet of either Pontiac avenue or Chestnut avenue on lot No. 392 on the Eden Park Plat No. 2 in the city of Cranston.

The complainants are owners of a large number of lots on said plat. Respondents Ursillo own said lot No. 392 subject to a mortgage thereon held by respondent Sullivan. Said lot, which is located at a corner of Pontiac avenue and Chestnut avenue, was sold by the owners of the plat subject to certain restrictions, among which were the following: "Second. That all buildings built or placed thereon shall be placed and set back not less than 15 feet from the line of any avenue and 8 feet from the line of any street, provided, however, that steps, porticos, and other usual projections appurtenant thereto are to be allowed in said reserved place of above mentioned feet. . . . Fifth. That the owner of any lot included in this plat is hereby authorized to enforce any and all of these restrictions and compel their observance."

It is apparent that the restrictions were imposed for the benefit of all persons who became owners of lots on the plat as well as for the benefit of those who developed the plat.

The respondents contend that it does not clearly appear from the language of the second exception that it was the

intention that buildings on a lot bordering on two avenues must be "set back not less than 15 feet from the line" of each. They argue that since the language of the restriction is "any avenue" instead of "any and all avenues" the intention was that the restriction should apply only in connection with the avenue on which the lot fronts—that is Pontiac avenue.

We find no lack of clearness in the language used. If the respondents erect a building with any line thereof within less than fifteen feet from either Pontiac or Chestnut avenue the building is not "placed and set back not less than 15 feet from the line of any avenue."

Pontiac avenue has been zoned for business; nevertheless the character of this neighborhood has not so changed that to ignore the restriction as to Chestnut avenue would work no damage to the lots on said avenue, which lots are subject to similar restrictions.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Dominique S. Pavou*, for complainants.

*Edward M. Sullivan, McGovern & Slattery, John J. Sullivan, John H. Slattery*, for respondents.